```
                     UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Nicholaus Keane

    v.                                Civil No. 19-cv-212-LM
                                           Opinion No. 2019 DNH 092

Northland Tool &
Equipment, Inc. et al.

## **O R D E R**

The question before the court is whether to remand this case back to state court on the basis of its improper removal. The court answers this in the affirmative and remands the case to Hillsborough County Superior Court Northern District.

### BACKGROUND

In March 2018, Keane suffered severe injuries when he was pulled into a rotating lathe at work. He claims that the injuries caused permanent impairment and disability and in excess of $500,000 in medical expenses.

As a citizen of New Hampshire, Keane filed this action in Hillsborough County Superior Court Northern District against four defendants: (1) Okuma Corporation, the designer and manufacturer of the lathe; (2) Okuma America Corporation ("Okuma America"), allegedly responsible for distribution and maintenance of Okuma lathes in the United States; (3) Robert E. Morris Company, LLC, allegedly the exclusive distributor of

Okuma lathes in New Hampshire; and (4) Northland Tool & Equipment, Inc. ("NTE"), which Keane alleges owned the lathe in question at the time of his accident. Like Keane, NTE is a citizen of New Hampshire.

Okuma America removed the case to this court, alleging diversity jurisdiction. In the notice of removal, Okuma America asserted simply that NTE was "improperly joined." NTE is the only defendant with New Hampshire citizenship and, if permitted to remain in the case, NTE would defeat diversity jurisdiction. Keane has filed a motion to remand and requests compensatory sanctions in the form of attorney's fees for what he contends was a baseless removal.

**DISCUSSION**

A removed case must be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party who removes a case from state court bears the burden of showing that such federal jurisdiction exists. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006); Pruell v. Caritas Christi, 645 F.3d 81, 84 (1st Cir. 2011). Federal courts have diversity jurisdiction under § 1332(a) when the amount in controversy exceeds $75,000 and the action is between "citizens of different states." 28 U.S.C. § 1332(a). In a case with multiple defendants, the presence in the action of a single defendant

that is a citizen of the same state as the plaintiff deprives the district court of diversity jurisdiction over the entire action. See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 21 (1st Cir. 2008).

Here, Keane argues that remand is appropriate because Okuma America cannot establish diversity jurisdiction. Okuma America counters that Keane's joinder of NTE was improper and an attempt to defeat diversity jurisdiction.[1]

I. Improper Joinder

To establish federal subject matter jurisdiction based upon fraudulent or improper joinder, a defendant must plead improper joinder in its notice of removal and demonstrate this claim on the merits. See Nordin v. PB&J Resorts, LLC, No. 15-cv-509-JL, 2016 WL 2757696, at *2-3 (D.N.H. May 12, 2016). This rule is consistent with the requirement that a "notice of removal must make the basis for the federal court's exercise of removal

---

[1] The court notes that the citizenship of defendant Robert E. Morris Company, LLC is not adequately alleged. While its principal place of business is identified as Connecticut, none of the parties has identified the citizenship of the company's members as required to determine the citizenship of a limited liability corporation. See, e.g., D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011). A notice of removal must clearly establish the basis of the court's subject matter jurisdiction. See infra at 4. Because the court lacks subject matter jurisdiction to hear this case, it does not address further the issue with Robert E. Morris Company, LLC's citizenship.

3

jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists." Id. at *2 (internal quotation marks and alteration omitted).

Here, Okuma America must establish subject matter jurisdiction by persuading the court that, although there is a non-diverse party in the case, removal was appropriate because plaintiff fraudulently or improperly joined a non-diverse defendant. Okuma America makes no allegations of "fraud" on Keane's behalf; rather, Okuma America alleges only that Keane improperly joined NTE as a defendant.

A party seeking to remove a non-diverse party on the basis of improper joinder must persuade the court that there is "no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." Universal Truck & Equip. Co., Inc. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014). In the Fourth Circuit, the analysis is described as follows: "Once the court identifies a glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Harris v. State Farm Fire & Cas. Co., No. 5:31-CV-61-BO, 2013 WL 3356582, at *1 (E.D.N.C. July 3, 2013) (internal citation omitted); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (remand appropriate in the

4

Ninth Circuit where there is a "possibility" that a state court would find a basis for the claim).

The party seeking removal must demonstrate improper joinder by "clear and convincing evidence." Nordin, 2016 WL 2757696, at *3 (internal quotations omitted). This is "a heavy burden." Id. In deciding whether a party has met this "heavy burden," the court may consider additional evidence beyond the pleadings. See id. Contested factual issues and "any doubt as to the propriety of the removal" shall be resolved in favor of remand. Id. at *1 (citation omitted); see also Arriaga v. New England Gas Co., 483 F. Supp. 2d 177, 182 (D.R.I. 2007) (holding disputed questions of fact must be resolved in plaintiff's favor when considering whether removal proper).

Courts have found claims of fraudulent or improper joinder to be waived if not sufficiently pleaded in the notice of removal. See Pharm Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 109, 118 (D. Mass. 2006). "A contention that the plaintiff has engaged in fraudulent joinder must be alleged with particularity by the party seeking removal and supported by clear and convincing evidence." 14 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723.1 (Rev. 4th ed. 2018). Here, Okuma America pleaded improper joinder in its notice of removal. However, it offered no facts in support of its bald assertion. This appears to fall short of the mark and

5

may constitute waiver.  Even if Okuma America has sufficiently pleaded improper joinder, however, Okuma America has failed to meet its burden on the merits.

On the merits, Okuma America must show by "clear and convincing evidence" that Keane's claim against NTE has no reasonable basis and would not survive a motion to dismiss for failure to state a claim.  Nordin, 2016 WL 2757696, at *3.  In its objection to Keane's motion to remand, Okuma America argues that NTE was not in business at the time of Keane's accident.  As such, Okuma America asserts that NTE could not have owned the lathe and therefore cannot be held liable as alleged.

In support, Okuma America provides a letter from NTE's counsel asserting that NTE is not in business and owns no assets.  Okuma America further offers a "Stock Redemption and Real Estate Purchase Agreement" dated from 2003 and signed by the current owner of Northland Tool & Electronics, Inc. and the wife of its former owner.  Paragraph 8 of that agreement states that NTE and other entities are not "currently a going business concern and none currently own any assets which are used or useful to the business of the Corporation."  Doc. no. 8 at 10.  Accordingly, Okuma America contends that there is no factual basis for Keane's claim against NTE.

In reply, Keane provides records demonstrating that NTE has consistently filed reports and paid fees to maintain active

standing with the New Hampshire Secretary of State's Office, including the years ranging from 2003 to present. Keane asserts that these readily available public documents support a reasonable possibility that NTE could have owned the lathe at the time of the accident.

This disputed question of fact must be resolved in favor of remand. Nordin, 2016 WL 2757696, at *1. The evidence proffered by Keane suggests that NTE was a viable business entity, and therefore could have owned the lathe at the time of the accident. That is sufficient to defeat Okuma America's argument. Universal Truck & Equip., 765 F.3d at 108.

In sum, the court concludes that Okuma America may have waived its improper joinder argument by failing to mention any basis for the argument in its notice of removal. Nonetheless, even if Okuma America has sufficiently pleaded the argument, Okuma America has failed on the merits to demonstrate that NTE was improperly joined in this matter. As NTE is a citizen of New Hampshire, the court lacks jurisdiction and remands the case. See Picciotto, 512 F.3d at 21.

For these reasons, plaintiff's motion to remand is granted.

II. Request for Attorney's Fees

Keane requests that the court issue a "purely compensatory" sanction for having to litigate Okuma America's baseless notice

7

of removal.  Doc. no. 3 at 6.  The removal statute contemplates such an award: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). Under § 1447(c), costs and fees may be awarded if the removing party "lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Such a determination is left to the court's sound discretion, with no presumption in favor or against awarding fees.  Id. at 138-39.

In the notice of removal, Okuma America offered no basis for its assertion that NTE was improperly joined.  While the notice states that NTE was Keane's employer, implying perhaps that NTE could not be sued due to New Hampshire's workers' compensation bar, Okuma America acknowledges that it knew at the time of its filing that NTE was not Keane's employer. Thus, that misstatement cannot serve as the basis for an "objectively reasonable" finding here.  While Okuma America's argument that NTE was not an ongoing business was incorrect as a factual matter, the court does not find it objectively unreasonable. The court therefore denies the request for attorney's fees.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand (doc. no. 3) is granted.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

June 10, 2019

cc: Counsel of Record